**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| National Lending Group, L.L.C., et al.,<br><br>            Plaintiffs,<br>     vs.<br><br>Michael B. Mukasey, et al.,<br><br>            Defendants. | No. CV-07-0024-PHX-PGR<br><br>ORDER |

Pending before the Court is Plaintiffs' Motion to Compel Discovery (doc. #31). Having considered the parties' memoranda, the Court finds that the motion should be denied in its entirety.[1]

First, the Court concludes that the defendants are not required to provide the documents sought by the plaintiffs' requests numbered 1-8, the documents related to other Arizona licensees, because the plaintiffs have not cited the Court to any legal authority that establishes that the Privacy Act, 5 U.S.C. § 552a(b), does not preclude the disclosure of these documents, they have not established that they diligently sought an order from the Court permitting the disclosure of the

---

[1] The Court has dispensed with a hearing on the motion to compel because oral argument would not aid the decisional process.

documents at issue, and they have not provided any legal authority establishing that the requested documents are relevant to this action given the factual and legal conclusions adopted by the defendants for their denial or revocation of the licenses at issue.[2]

Second, the Court concludes that the defendants are not required to provide the documents sought by the plaintiffs' request number 9, the documents related to the ATF's criminal and investigative files on 14 named individuals, because the plaintiffs have not met their burden of providing legal authority establishing that they are entitled to the requested documents notwithstanding the non-disclosure requirements of the Privacy Act, 5 U.S.C. § 552a(b), the plaintiffs have not provided any legal authority controverting the authorities cited by the defendants in support of their contention that the requested disclosures would violate various types of disclosure limitations imposed by the well-recognized qualified law enforcement privilege, and (3) the plaintiffs have not provided any legal authority establishing that they are entitled to obtain the documents under any other legal theory, including that of waiver.

Third, the Court concludes that the defendants are not required to provide the documents sought by the plaintiffs' request number 11, the documents related to the ATF's internal policies, procedures, and guidelines, because the plaintiffs

---

[2] The Court finds the plaintiffs' failure to cite to any case law at all in support of their various legal arguments to be inexplicable given that they have the burden of persuading the Court that their motion should be granted under the governing law.  Particularly troubling to the Court is the plaintiffs' failure to make any effort in their reply to controvert the case law cited by the defendants in their opposition to the plaintiffs' motion.

The Court notes that it has considered the plaintiffs' reply memorandum notwithstanding that the length of that memorandum violated LRCiv 7.2(e).

have not provided any legal authority supporting their contention that the law enforcement privilege is not applicable to the ATF because it should be considered to be a regulatory agency and not a law enforcement agency, and because the plaintiffs have not cited to any legal authority controverting the legal authority cited by the defendants that supports their contention that any failure on the part of the ATF to follow its own policies and procedures does not have any legal relevance to this action because those policies and procedures do not have the force and effect of law.  Therefore,

IT IS ORDERED that Michael B. Mukasey, Attorney General of the United States, is substituted as a defendant pursuant to Fed.R.Civ.P. 25(d)(1) in place of Alberto R. Gonzales.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Compel Discovery (doc. #31) is denied in its entirety.

IT IS FURTHER ORDERED that the plaintiffs shall file their motion for summary judgment no later than December 21, 2007, that the defendants shall file their combined response/cross-motion for summary judgment no later than January 22, 2008, the plaintiffs shall file their combined reply/response no later than February 11, 2008, and the defendants shall file their reply no later than February 22, 2008.[3]

DATED this 14th day of November, 2007.

Paul G. Rosenblatt
United States District Judge

---

[3] The Court will enter an order setting the hearing on the cross-motions for summary judgment after the briefing on the motions is completed.